UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Randy Elders, | ) | Civil Action No.:  8:14-cv-04916-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Robert Stevenson, Warden, Broad | ) | |
| River Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Randy Elders, a state prisoner currently represented by counsel, initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]  *See* ECF No. 1. Respondent filed a motion for summary judgment, as well as a return and supporting memorandum. *See* ECF Nos. 13 & 14.  Petitioner filed a response in opposition to Respondent's motion for summary judgment.  *See* ECF No. 24.  The matter is now before the Court for consideration of Petitioner's objections to the Report and Recommendation (R & R) of United States Magistrate Judge Jacquelyn D. Austin, who recommends granting Respondent's motion for summary judgment.[2]  *See* R & R, ECF No. 26; Pet.'s Objs., ECF No. 31.

For the reasons stated below, the Court overrules Petitioner's objections, adopts the Magistrate Judge's R & R, grants Respondent's motion for summary judgment, and dismisses Petitioner's § 2254 petition with prejudice.

---

[1]     Petitioner was pro se at the time he filed the petition, but counsel subsequently filed a notice of appearance and a response in opposition to Respondent's motion for summary judgment.  *See* ECF Nos. 1, 17, & 24.

[2]     This matter was automatically referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c) for the District of South Carolina.

### Background[3]

In 2005, the State of South Carolina indicted Petitioner on six charges: two counts of kidnapping, one count of armed robbery, two counts of assault and battery with intent to kill (ABIK), and one count of carjacking. ECF No. 14-12 at 156-75.[4] The State alleged that after Petitioner (accompanied by his girlfriend) received a car ride from the two victims, he stabbed one victim, tackled and robbed the other victim, and stole their car. ECF No. 14-9 at 85-92. April W. Sampson and Stacy R. Owings[5] (collectively, "trial counsel") represented Petitioner throughout the criminal proceedings. R & R at 2.

In 2006, after first selecting a jury, Petitioner pled guilty to two of the indictments—the carjacking charge and one of the ABIK charges—and proceeded to trial on the four remaining indictments.[6,7] ECF No. 14-9 at 68-80. The jury found Petitioner guilty of the armed robbery charge, both kidnapping charges, and (on the other ABIK indictment) the lesser included offense of assault and battery of a high and aggravated nature (ABHAN). ECF No. 14-11 at 75-76. The trial court imposed the following terms of imprisonment: thirty years for armed robbery, twenty years for carjacking, thirty

---

[3] The Magistrate Judge's R & R contains a comprehensive summary of the procedural history of this case, with citations to the record. *See* R & R at 2-6. Respondent filed no objections to the R & R, and Petitioner states in his objections that he has no objections to the procedural background set forth in the R & R. *See* Pet.'s Objs. at 1. Accordingly, the Court adopts and incorporates by reference the procedural history set forth in the R & R.

[4] When citing the state court documents, the Court references the page numbers generated by the electronic docket entries for this case.

[5] Owings's last name changed to Rowell between the date of Petitioner's trial and the date of the PCR hearing; Owings is often referred to as Rowell in the record. For clarity, the Court refers to her as Stacy Rowell because the state PCR court used this name in its order.

[6] Petitioner pled guilty outside the jury's presence immediately after jury selection; during its preliminary instructions, the trial court informed the jury that Petitioner had pled guilty to the carjacking indictment and one of the ABIK indictments. ECF No. 14-9 at 81. The trial court did not sentence Petitioner on his guilty pleas until after trial concluded. ECF No. 14-11 at 79-80.

[7] Petitioner did not testify or offer any evidence in his defense. *See* ECF No. 14-10 at 187.

2

years for each kidnapping conviction, fifteen years for the ABIK conviction, and ten years for the ABHAN conviction. *Id.* at 80; ECF No. 14-12 at 156-75. All sentences except that for the ABIK conviction were concurrent; the ABIK sentence was consecutive to the carjacking sentence.[8] ECF No. 14-12 at 156-75.

In 2010, the South Carolina Court of Appeals affirmed Petitioner's convictions in a published decision and remitted the case. *See* ECF Nos. 14-3 & 14-4; *see also State v. Elders*, 386 S.C. 474, 688 S.E.2d 857 (Ct. App. 2010). Petitioner filed timely applications for post-conviction relief (PCR) for both his guilty pleas and his trial convictions, which the state PCR court denied and dismissed with prejudice in 2012 after an evidentiary hearing. *See* ECF No. 14-11 at 82-87, 101-07; ECF No. 14-12 at 139-55. After the South Carolina Supreme Court denied Petitioner's petition for a writ of certiorari and remitted the matter in December 2014, Petitioner filed the instant § 2254 habeas petition the same month. *See* ECF Nos. 1, 7, & 8.

In his § 2254 petition, Petitioner alleged three grounds for relief: (1) trial counsel were ineffective for advising him to plead guilty to two indictments and proceed to trial on the remaining four indictments; (2) trial counsel were ineffective for failing to object to the State's closing argument; and (3) PCR counsel was ineffective for failing to file a motion to alter or amend pursuant to Rule 59(e) of the South Carolina Rules of Civil Procedure. *See* ECF No. 1 at 7-30. Respondent moved for summary judgment on all grounds, and Petitioner filed a response in opposition to Respondent's motion for summary judgment. *See* ECF Nos. 13, 14, & 24. The Magistrate Judge issued an R & R recommending that the Court grant Respondent's motion for summary judgment and deny Petitioner's habeas petition.

---

[8]    As the trial court explained at sentencing, Petitioner is serving an actual sentence of thirty-five years' imprisonment. ECF No. 14-11 at 80.

R & R at 2, 24. After receiving two extensions, Petitioner filed timely objections to the R & R. *See* ECF Nos. 28, 30, & 31.

## Legal Standards

### I.    Review of the Magistrate Judge's R & R

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983).

### II.    Summary Judgment

Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Reyazuddin v. Montgomery Cty., Md.*, 789 F.3d 407, 413 (4th Cir. 2015); *see* Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant

4

shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . . ; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party, *Reyazuddin*, 789 F.3d at 413, but the Court "cannot weigh the evidence or make credibility determinations." *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 569 (4th Cir. 2015).

## III.    Federal Habeas Review Under 28 U.S.C. § 2254[9]

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254 governs review of his claims. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615, 618 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication:

> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

---

[9]    The Supreme Court of South Carolina summarily refused to hear Petitioner's PCR appeal by denying his petition for a writ of certiorari, *see* ECF No. 14-7, so the PCR court's decision is the proper one to evaluate under § 2254(d). *See Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991) ("Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground."); *Grueninger v. Dir., Virginia Dep't of Corr.*, __ F.3d __, __ (4th Cir. 2016) ("When a state appellate court summarily affirms a reasoned lower-court decision, or refuses a petition for review, then under *Ylst*, a federal habeas court is to 'look through' the unexplained affirmance to examine the 'last reasoned decision' on the claim, assuming that the summary appellate decision rests on the same ground." (quoting *Ylst*, 501 U.S. at 803-04, 806)); *id.* at __ ("In applying § 2254(d) in this case, we 'look through' the Supreme Court of Virginia's summary refusal to hear Grueninger's appeal and evaluate the Circuit Court's reasoned decision on Grueninger's claim.").

28 U.S.C. § 2254(d). "Section 2254(d)(1) describes the standard of review to be applied to claims challenging how the state courts applied federal law, while § 2254(d)(2) describes the standard to be applied to claims challenging how the state courts determined the facts." *Winston v. Kelly*, 592 F.3d 535, 553 (4th Cir. 2010).

"[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 411 (2000). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision," and "[e]ven a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Harrington v. Richter*, 562 U.S. 86, 88 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Moreover, state court factual determinations are presumed to be correct, and Petitioner has the burden to rebut this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Under the AEDPA, a federal court must afford a state court's decision the "deference and latitude that are not in operation when the case" is being considered on direct review. *Harrington*, 562 U.S. at 101. Federal review of a state court decision under the AEDPA standard does not require an opinion from the state court explaining its reasoning. *See id.* at 98 (observing "[t]here is no text in [§ 2254] requiring a statement of reasons" by the state court). If no explanation accompanies the state court's decision, a federal habeas petitioner must show there was no reasonable basis for the state court to deny relief. *Id.* Pursuant to § 2254(d), a federal habeas court must (1) determine what arguments

6

or theories supported or could have supported the state court's decision; and (2) ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding of a prior decision of the United States Supreme Court. *Id.* at 102.

In other words, to obtain habeas corpus from a federal court, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103. "If this standard is difficult to meet, that is because it was meant to be." *Id.* at 102. Section 2254(d) codifies the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Id.* at 102-03 (internal quotation marks omitted).

## IV.    *Strickland* Test for Ineffective Assistance of Counsel

Claims of ineffective assistance of counsel must be reviewed under the two-part test enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984). A habeas petitioner must first show counsel's performance was deficient and fell below an objective standard of reasonableness. *Id.* at 687-88; *see also Harrington*, 562 U.S. at 105 ("Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d)."). Second, the petitioner must show prejudice, meaning "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 688, 694.

The *Strickland* test applies to challenges to guilty pleas based on ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). In the guilty plea context, the inquiry regarding counsel's alleged deficiency hinges on whether the defendant knowingly, voluntarily, and intelligently entered his plea. *See id.* at 56 (stating that when "a defendant is represented by counsel during the plea

process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases" (internal quotation marks omitted)). The prejudice component "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Id.* at 59 ("In other words, in order to satisfy the prejudice requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.").

## V.    Relationship Between § 2254(d) and *Strickland*

"The standards created by *Strickland* and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so." *Harrington*, 562 U.S. at 105 (internal quotation marks and citations omitted). Consequently, when applying § 2254(d) to an ineffective assistance of counsel claim, the Court must determine "not whether counsel's actions were reasonable," but "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.*

## Discussion

The Magistrate Judge recommends that the Court grant Respondent's motion for summary judgment and deny Petitioner relief as to each of the three grounds raised in his habeas petition. R & R at 2, 24. Petitioner objects to the Magistrate Judge's recommended disposition as to all three grounds. Pet.'s Objs. at 2-5. The Court will address each ground in turn.

## I.    Ground One

Petitioner alleges in Ground One of his petition that trial counsel were ineffective for advising him to plead guilty to two indictments and proceed to trial on the remaining four indictments. ECF No. 1 at 7-17. He asserts counsel's strategy was unreasonable because, by pleading guilty to the carjacking charge and one of the ABIK charges, he essentially admitted to many of the underlying facts that the

8

State needed to prove to the jury that he was guilty of kidnapping, armed robbery, and the remaining ABIK charge. Pet.'s Objs. at 2-4. Petitioner argues it was unreasonable for trial counsel to expect a jury to find him not guilty on the remaining indictments after he had admitted to the events giving rise to those charges. *Id.* at 3.

## A.     Relevant Facts

To evaluate Petitioner's arguments, it is necessary to understand the circumstances of Petitioner's crimes and subsequent prosecution. In its decision affirming Petitioner's convictions, the South Carolina Court of Appeals provided a detailed summary of the facts giving rise to Petitioner's indictments, plea hearing, and trial:

> Elders [Petitioner] and his girlfriend, Christina Hall, were arrested and indicted for crimes that occurred on the evening of April 17, 2005. At approximately 7:30 p.m. that evening, Dwight Riggs and his wife Kathryn were returning home from church when they stopped at the Bi-Lo grocery store on Garners Ferry Road in Columbia, South Carolina. Mrs. Riggs went into the store, and Mr. Riggs remained in the car. As he waited for his wife, Mr. Riggs was approached by a woman he had never seen before. The woman asked Mr. Riggs to give her and her male companion a ride to Mike's Produce Market, which was located a short distance away on Garners Ferry Road. Mrs. Riggs returned to the car and sat down in the front passenger seat. The woman, along with her male friend, got into the back seat of the car, with the man sitting directly behind Mrs. Riggs. Mr. Riggs drove to Mike's Produce Market and pulled into the parking lot.
>
> Upon their arrival, the male passenger placed a knife to Mrs. Riggs' neck and told Mr. Riggs to "keep going straight." According to Mrs. Riggs, the knife had a "little hump" on it and a blade that was about six to eight inches long. Instead of complying with the man's orders, Mr. Riggs grabbed both of the man's hands and pulled him out of the car. A struggle ensued on the pavement outside of the car, and Mr. Riggs was stabbed in the wrist and the chest. The man subsequently broke away from Mr. Riggs and ran over to Mrs. Riggs, who had exited the car. The man proceeded to tackle Mrs. Riggs and take her

9

purse. In doing so, he broke Mrs. Riggs' toe and scraped her arm and knee. The man and the woman then left the scene in the Riggses' car.

The police later determined that the man and woman were Elders and Hall. In connection with the incident, Elders was indicted for one count of armed robbery, two counts of assault and battery with intent to kill (ABIK), one count of carjacking, and two counts of kidnapping. Prior to trial, Elders informed the trial court that he wanted to plead guilty to the carjacking charge and the ABIK charge involving Mr. Riggs. The State objected, arguing that the guilty pleas would hinder its ability to present a cogent case regarding the other four charges. After hearing arguments on both sides, the trial court allowed Elders to plead guilty to both the carjacking charge and the ABIK charge concerning Mr. Riggs.

. . . .

The jury subsequently found Elders guilty of armed robbery and two counts of kidnapping. Additionally, with respect to the ABIK charge involving Mrs. Riggs, the jury found Elders guilty of the lesser included offense of assault and battery of a high and aggravated nature (ABHAN). The trial court sentenced Elders to twenty years' imprisonment for the carjacking conviction, fifteen years' imprisonment for the ABIK conviction, thirty years' imprisonment for the armed robbery conviction, thirty years' imprisonment for each of the two kidnapping convictions, and ten years' imprisonment for the ABHAN conviction.

*State v. Elders*, 386 S.C. 474, 477-79, 688 S.E.2d 857, 859-60 (Ct. App. 2010) (internal footnote omitted).[10]

At the PCR hearing, both trial counsel—April Sampson and Stacy Rowell[11]—testified their strategy was for Petitioner to plead guilty—without a plea agreement or recommendation from the State—to the charges of carjacking and ABIK of Mr. Riggs and proceed to trial on the charges of

---

[10]    The Court notes Petitioner raised three issues of trial court error in his direct appeal, *see Elders*, 386 S.C. at 480, 688 S.E.2d at 860 (listing three issues on appeal), but has not pursued those claims in this habeas case.

[11]    Rowell was Petitioner's primary counsel and Sampson was second-chair counsel. ECF No. 14-12 at 15.

kidnapping, armed robbery, and ABIK of Mrs. Riggs.  ECF No. 14-12 at 17-18, 26-27, 67-69, 72-73,

83, 88-90, 92.  According to Sampson's testimony, Petitioner believed he was guilty of some but not

all of the alleged crimes (specifically, those involving Mr. Riggs but not those involving Mrs. Riggs).

*Id.* at 45-46; *see id.* at 50 ("My remembrance of it is Mr. Elders always wanted to admit what he had

done with Mr. Riggs.  It was Mrs. Riggs that was the issue.").  Sampson stated she and Rowell planned

to have Petitioner plead guilty in front of the jury after it had been impaneled; this strategy would allow

the jury to recognize Petitioner was accepting responsibility for the carjacking and ABIK of Mr. Riggs

and give the jury the "subliminal message" that Petitioner was not guilty of the remaining four

indictments against him.  *Id.* at 17-18, 26-27.  Sampson testified Petitioner knew of and understood the

strategy, though she and Rowell had to review it "more than once" with him because it was "confusing."

*Id.* at 54-55.  Ultimately, however, the trial court refused to allow Petitioner to plead in the jury's

presence and simply told the jury, after Petitioner pled guilty, that the State would no longer be trying

the two indictments in question.  *Id.* at 26-27.

Rowell testified similarly to Sampson, stating the trial strategy was for Petitioner to plead guilty

in the jury's presence to show he accepted responsibility and asserting Petitioner "was willing" to plead

guilty to the charges of carjacking and ABIK of Mr. Riggs.[12]  *Id.* at 68-69, 72-73.  Rowell acknowledged

the trial court did not allow Petitioner to plead before the jury, but she pointed out the trial court

informed the jury about Petitioner's pleas immediately after he entered them.  *Id.* at 69.  Rowell recalled

the evidence against Petitioner was "pretty overwhelming," explained she and Sampson discussed the

strategy with Petitioner "ad nauseam" before trial, and emphasized Petitioner made the ultimate

---

[12]     Rowell explained Petitioner was only able to "plead straight up" because the solicitor prosecuting the case
refused to make a plea offer and indicated she would ask for the maximum sentence.  *Id.* at 67-68.

11

decision to plead guilty to the two charges. *Id.* at 83, 88-92.

Petitioner testified he met with Rowell while he was in jail and she advised him the "best bet" was to proceed to trial; he asserted Rowell never explained the option to plead "straight up" to all the charges. *Id.* at 105-06.  Petitioner claimed that the day of trial, Rowell met with him twenty minutes before his case was due to be called, informed him the "only strategy" and "only line of defense was to plead to the two charges," and told him "there was no way" the jury could convict him on the other charges. *Id.* at 107, 109.  When asked if he recalled telling the trial court under oath that it was his decision to voluntarily plead guilty and that he was satisfied with his attorneys, Petitioner acknowledged he did but claimed he was not truthful when he made those statements. *Id.* at 112-14, 116-18.

### B.    Analysis

To establish that his trial counsel were constitutionally ineffective, Petitioner must demonstrate (1) that his attorneys' representation was deficient under an objective standard of reasonableness and (2) that there is a reasonable probability counsel's deficient performance prejudiced him. *Strickland*, 466 U.S. at 467.  All the while, the Court must adhere to the "substantial constraints" of the standard for granting habeas relief under 28 U.S.C. § 2254. *Merzbacher v. Shearin*, 706 F.3d 356, 364 (4th Cir. 2013).

### 1.    Deficient Performance

Regarding the *Strickland* deficiency prong, Petitioner asserts trial counsel's advice that he plead guilty to some but not all offenses constituted an unreasonable trial strategy.  The state PCR court heard only testimonial evidence—from Sampson, Rowell, and Petitioner—regarding this claim of deficient representation, and the PCR court found trial counsel not deficient based on its assessment of the

witnesses' credibility:[13]

> [T]his [c]ourt finds Applicant has failed to meet his burden in proving counsel was ineffective in this regard.  First, this [c]ourt finds Applicant's testimony to be wholly *not* credible, while conversely finding the testimonies of Sampson and Rowell to be *very* credible and persuasive.  Counsel's recommendation that Applicant plead guilty to two of the charges while proceeding to trial on the remaining four charges was an objectively reasonable, valid and well designed trial strategy.

ECF No. 14-12 at 149.  In making this finding, the PCR court focused on (1) Sampson's testimony that the trial strategy allowed her and Rowell to "mitigate" Petitioner's actions "by disputing the charges that were able to effectively challenged at trial while accepting responsibility for those that could not be challenged"; (2) Sampson's and Rowell's testimonies that they discussed strategy "in depth" with Petitioner before trial and decided to advise him to plead guilty to the charges of carjacking and ABIK of Mr. Riggs "so they could argue that he had taken responsibility for the two charges he was actually guilty of, while maintaining his innocence to the relatively weaker charges"; (3) Rowell's testimony that the State had made no plea offers despite her best efforts to obtain one; and (4) Rowell's testimony that she did not believe there were "any good options" for Petitioner based on the overwhelming evidence he was facing.  *Id.* at 144-50.  The PCR court discredited Petitioner's testimony that Rowell told him the "only course of action" was to plead guilty to the two charges so that he would not receive the maximum sentence on them, that Rowell told him there was "no way" he could be convicted of the other four charges at trial, and that Rowell never explained he had the option to plead "straight up" to all the charges.  *Id.* at 148-49.

---

[13]    The PCR court correctly recognized the majority of the testimony at the evidentiary hearing centered on Petitioner's contention that counsel were ineffective for advising him to plead guilty to two indictments but proceed to trial on the remaining four indictments.  ECF No. 14-12 at 144.

The Court finds the PCR court acted reasonably in finding trial counsel's performance was not deficient under *Strickland*. Both Sampson and Rowell credibly[14] testified Petitioner readily admitted his involvement in the crimes concerning Mr. Riggs and never denied his general involvement in the incident. ECF No. 14-12 at 45-46, 50, 81. Trial counsel credibly testified they discussed the trial strategy in detail with Petitioner—who "understood it"—and that he was "on board" and "willing" to plead guilty to the charges of carjacking and ABIK of Mr. Riggs and contest his guilt on the remaining charges at trial, particularly the alleged crimes involving Mrs. Riggs.[15] *Id.* at 17-18, 50, 54. 83-84, 86, 88-91, 93. Trial counsel also credibly testified there was no other viable defense to present at trial, given that Petitioner was readily identifiable by all witnesses and evidence directly linked him to the crime scene. *Id.* at 45-50, 73, 91-92.

Moreover, when Petitioner entered his two pleas immediately before trial, he informed the trial court that it was his decision to plead guilty by his own free will, that he had discussed the decision with his attorneys, and that he was satisfied with his attorneys. ECF No. 14-9 at 70-71. Importantly, the plea court found Petitioner knowingly and voluntarily entered his pleas with "the advice and the assistance of counsel." *Id.* at 79; *see Hill*, 474 U.S. at 56 (stating that when "a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases" (internal quotation marks omitted)); *Blackledge v. Allison*, 431 U.S. 63, 73 (1977) ("[T]he representations of the defendant . . . at [a plea] hearing, as well as any findings made by the

---

[14]    The PCR court's credibility findings are entitled to great deference, and the Court has no reason to dispute them. *See Cagle v. Branker*, 520 F.3d 320, 324 (4th Cir. 2008) (stating a federal habeas court cannot overturn a state court's credibility finding absent "stark and clear" error).

[15]    The trial strategy did in fact have some degree of success because the jury found Petitioner guilty of the lesser-included offense of ABHAN—*not* ABIK—of Mrs. Riggs. ECF No. 14-11 at 75-76.

judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity."). Accordingly, trial counsel's strategy of advising Petitioner to plead guilty to the charges of carjacking and ABIK of Mr. Riggs and proceed to trial on the charges of kidnapping, armed robbery, and ABIK of Mrs. Riggs was objectively reasonable under *Strickland*. *See Harrington*, 562 U.S. at 110 (recognizing "*Strickland . . .* calls for an inquiry into the objective reasonableness of counsel's performance").

### 2.    Prejudice

Even assuming trial counsel were deficient for advising Petitioner to plead guilty to two indictments and proceed to trial on the remaining four indictments, Petitioner has not established prejudice under *Strickland*. *See Strickland*, 466 U.S. at 691 ("An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment.").

The PCR court found Petitioner suffered no prejudice as a result of trial counsel's advice to plead guilty to two indictments and proceed to trial on the remaining four indictments. ECF No. 14-12 at 150. The PCR court ruled as follows:

> Additionally, [Petitioner] has failed to prove resulting prejudice stemming from the alleged deficiency. . . . No plea offers were extended to [Petitioner] by the state; rather, he was only offered the opportunity to plead to the charges "straight up" without any recommendations or negotiation from the state. . . . [T]here is nothing in the record to support a finding that [Petitioner] would have received a more beneficial sentence had he pled to all of the charges rather than proceed to trial as he did. Likewise, [Petitioner] has failed to prove there is a 'reasonable probability' that the outcome of his case and sentences imposed would have been any different had he opted to proceed to jury trial on all six charges rather than following counsel's strategy by pleading to two. Any argument by [Petitioner] to the contrary is based on pure speculation and is wholly

unsupported by the record before this Court.

*Id.* Later in its order, the PCR court cited the overwhelming evidence of Petitioner's guilt in support of its no prejudice finding. *Id.* at 153-54 (stating "overwhelming evidence of [Petitioner]'s guilt existed sufficient to overcome any alleged deficiency by counsel"). The Court concludes the PCR court did not unreasonably apply *Strickland* in finding Petitioner suffered no prejudice.

To show he suffered prejudice as a result of trial counsel's alleged deficient performance, Petitioner must demonstrate "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 688, 694. In the guilty plea context, the prejudice component "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill*, 474 U.S. at 59 ("In other words, in order to satisfy the prejudice requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.").

Initially, the Court notes Petitioner does not specify whether he would have pled guilty to all charges or would have proceeded to trial on all indictments absent trial counsel's alleged deficiency. However, Petitioner suggests in his response in opposition to Respondent's motion for summary judgment that he would have pled guilty to all indictments; there, Petitioner makes the following argument: "[I]n sentencing Petitioner after a full trial of the case to the counts to which he pled guilty, the trial court gathered a fuller appreciation of the nature and extent of the crimes charged than [the trial court] would have during a plea hearing, thus, leading to a harsher sentence for [P]etitioner for these two counts."[16] ECF No. 24 at 2. This argument implies Petitioner believes that had he not proceeded

---

[16]    This argument is legally flawed and wholly speculative, and the Court disposes of it below.

to trial, the trial court would have imposed more lenient sentences because it would not have sat through the five-day trial and heard the full extent of the evidence against Petitioner.  Furthermore, Respondent notes in his motion for summary judgment that "[o]n certiorari [to the South Carolina Supreme Court] and before this Court, the [P]etitioner appears to assert that he should have pled guilty to all of the charges . . . to receive a lesser sentence."  ECF No. 14 at 26.  Notably, Petitioner has not challenged Respondent's interpretation of Petitioner's position.

Regardless of whether Petitioner would have pled guilty to all charges or proceeded to trial on all them, the Court finds he has neither demonstrated a reasonable probability that the result of his trial would have been different, *see Strickland*, 466 U.S. at 694, nor demonstrated a reasonable probability that trial counsel's deficient performance affected the outcome of the plea process.  *See Hill*, 474 U.S. at 59.

First, and to the extent Petitioner's argument can be construed that he would have proceeded to trial on all charges, Petitioner has not demonstrated a reasonable probability that the result of his trial would have been different had he proceeded to trial on all charges.  *See Strickland*, 466 U.S. at 694. As the South Carolina Court of Appeals found on direct appeal—and as the PCR court found in its order—the evidence against Petitioner was overwhelming:

> Nonetheless, although admitting the knives was error,[17] we find that the error was harmless in light of the overwhelming evidence of Elders' guilt.  Both Mr. Riggs and Mrs. Riggs identified Elders as the person who put the knife to Mrs. Riggs' neck, who fought with Mr. Riggs, and who stole the Riggses' car and Mrs. Riggs' purse. Additionally, testimony by Hall corroborated the Riggses' testimony regarding Elders' involvement in the crimes.  Moreover, Chris Smith and his mother, Dawn Smith, both testified that Elders confessed to stealing a car.  In addition, the officer who arrested Elders a couple of

---

[17]    The admission of knives was a trial court error.  *See Elders*, 386 S.C. at 485-87, 688 S.E.2d at 863-64.

17

days after the crimes occurred testified that he observed scratch marks on Elders' arms, hands and face, as well as a bandage on Elders' wrist, thus buttressing the testimony by Hall and the Riggses regarding the struggle between Elders and Mr. Riggs.  Furthermore, a cigarette butt containing DNA that matched Elders' DNA was found in the Riggses' car, as was Elders' jacket.  Finally, because Elders' guilty pleas were made shortly before the trial commenced, the jury was aware of the fact that Elders had pled guilty to carjacking and ABIK with respect to Mr. Riggs.

*Elders*, 386 S.C. at 486-87, 688 S.E.2d at 864; *see* ECF No. 14-12 at 153 (PCR court's order quoting the above portion of *Elders*).  Given the overwhelming evidence of Elders' guilt, the Court finds there is no reasonable probability that the outcome of Petitioner's trial would have been different had he chosen not to plead guilty to the charges of carjacking and ABIK of Mr. Riggs and proceeded to trial on all charges.  *See Grueninger v. Dir., Virginia Dep't of Corr.*, 813 F.3d 517, 532 (4th Cir. 2016) (citing overwhelming evidence of the petitioner's guilt and concluding there was no reasonable probability the outcome of trial would have been different).

Second, Petitioner has not demonstrated a reasonable probability that the outcome of the plea process would have been different had he pled guilty to all offenses.[18]  *See Hill*, 474 U.S. at 59.  The State made no plea offers and Petitioner did not forfeit any opportunity to accept a favorable plea deal or sentence recommendation by going to trial.  As Rowell credibly testified at the PCR hearing, the solicitor prosecuting the case "was adamant that she wasn't going to make any plea offers for the case and if [Petitioner] wanted to plead, he could plead straight up and [the solicitor] was going to ask for as much time as she could get."  ECF No. 14-12 at 68, 152.  Although Petitioner appears to argue that

---

[18]    The Court also finds Petitioner has not demonstrated a reasonable probability that, but for trial counsel's erroneous advice, he would not have pleaded guilty to the carjacking and ABIK of Mr. Riggs and instead would have gone to trial.  *See Hill*, 474 U.S. at 59 ("In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.").

he would have received a lesser sentence had he pled guilty to all the charges, this argument rests wholly upon unsubstantiated speculation. The Court concludes the PCR court's finding of no prejudice was not an unreasonable application of *Strickland*.

Because Petitioner has failed to demonstrate prejudice under *Strickland*, he is not entitled to habeas relief on the claim he raises in Ground One of his petition. The Court concludes Petitioner has not shown the PCR court's decision was contrary to, or an unreasonable application of, federal law as determined by the Supreme Court, or an unreasonable application of the facts in light of the evidence. *See* 28 U.S.C. § 2254(d). The Court overrules Petitioner's objection as to Ground One.

## II.    Ground Two

Petitioner alleges in Ground Two of his petition that trial counsel were ineffective for failing to object to certain portions of the State's closing argument presented by the solicitor. ECF No. 1 at 19-23; ECF No. 24 at 11-13. The Magistrate Judge recommends finding Petitioner is not entitled to habeas relief on Ground Two. *See* R & R at 22-24. In his objections, Petitioner maintains trial counsel should have objected to the State's closing argument because it impugned trial counsel and accused Petitioner of fabricating a defense, thereby violating his due process rights. Pet.'s Objs. at 4.

"[P]rosecutors enjoy considerable latitude in presenting arguments to a jury because the adversary system permits the prosecutor to prosecute with earnestness and vigor." *Bates v. Lee*, 308 F.3d 411, 422 (4th Cir. 2002) (internal citation and quotation marks omitted). "Committed advocates do not always present antiseptic closing statements, and the jury is entrusted within reason to resolve such heated clashes of competing views." *Id.* Federal habeas review "is limited to whether the comments rendered the proceeding so fundamentally unfair as to constitute a denial of due process." *Id.* (citing *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)). "This determination requires [the

19

Court] to look at the nature of the comments, the nature and quantum of the evidence before the jury, the arguments of opposing counsel, the judge's charge, and whether the errors were isolated or repeated." *Id.*

Petitioner challenges the following two portions of the State's closing argument:

(1)    "There is an old j[oke] and it talks about a lawyer and a priest walking down the street.  There is mud on one side.  There is a puddle of water there and it's got this much water and the priest looked down and said, look there is a silver dollar.  Get a stick and stir it up and the silt and mud rose up and mixed in.  You couldn't see it anymore.  It just went muddy and he looked at the priest."

ECF No. 14-11 at 23.

(2)    "Ladies and gentlemen, if this isn't smoke and mirrors what is it?  It's not an unusual offense.  It's called the art of confessing error.  Maybe the jury knows.  They'll take responsibility just on a couple.  They'll feel sorry for me.  I submit, ladies and gentlemen, when he was trying to stab and kill that man and his wife, he was a monster.  The art of - - I'll admit to the couple so the jury will just feel sorry for me and won't totally respond for all my actions that day."

ECF No. 14-11 at 22.  Applying the *Strickland* test, the PCR court ruled trial counsel were not ineffective for failing to object to these (and other) portions of the State's closing argument; the PCR court concluded Petitioner failed to show either deficient performance or resulting prejudice.  ECF No. 14-12 at 150-52.  As to the performance prong, the PCR court noted Rowell testified at the PCR hearing that she had a specific practice of not objecting to the State's closing argument unless the solicitor's comments reached a level of egregiousness or impropriety that threatened the defendant's right to a fair trial.  *Id.* at 151-52.  The PCR court found the comments at issue did not "reach close to that level." *Id.* at 152.  The PCR court also relied on Sampson's testimony that the State "'always'" used the

20

comment about "'muddying the waters'" during closing argument, that Sampson did not know of any viable objection to this routine comment, and that Sampson believed the closing argument in Petitioner's trial was "'pretty standard'" with nothing she perceived as "'out of bounds.'" *Id.* at 151. As to the prejudice prong, the PCR court found that the State's closing argument did not deprive Petitioner of due process and that the trial court's instructions to the jury cured any potential prejudice from the comments in question. *Id.* at 152. Additionally, the PCR court cited the overwhelming evidence of Petitioner's guilt in support of its no prejudice finding. *Id.* at 153-54 (stating "overwhelming evidence of [Petitioner]'s guilt existed sufficient to overcome any alleged deficiency by counsel").

The Court finds the PCR court's conclusions constitute a reasonable application of *Strickland*. Both trial counsel articulated valid reasons for not objecting to the State's closing argument. Moreover, Petitioner cannot show prejudice because the solicitor's comments did not violate the due process clause. The second comment was based upon an aspect of the trial that jurors knew about from the beginning: that Petitioner had pled guilty to two offenses hoping the jury would be lenient on him for the remaining offenses. *See Bates*, 308 F.3d at 422 (finding the prosecutor's argument to the jury "did not run afoul of the due process clause" because it was "based upon facts established during trial or were aspects of the trial which were readily apparent to the jurors"). As for the first comment, Sampson—who had worked as a public defender in Richland County for approximately six years at the time of Petitioner's trial—testified the solicitor's remark about "muddying the waters" was routinely used during closing argument in criminal trials in Richland County, where Petitioner was tried.[19] ECF

---

[19]     As noted above, the PCR court found Rowell's and Sampson's testimonies "*very* credible and persuasive." ECF No. 14-12 at 149; *see Cagle*, 520 F.3d at 324 (stating a federal habeas court cannot overturn a state court's credibility finding absent "stark and clear" error).

No. 14-12 at 18, 53; *see also McDaniel v. McCall*, No. CIV.A. 1:09-1348-MBS-SVH, 2010 WL 3824708, at *15 (D.S.C. Aug. 3, 2010) (finding an identical anecdote about "muddying the waters" did not violate due process and explaining this "anecdote used by the [s]olicitor did not draw upon the passions and prejudices of the jury"), *report and recommendation adopted*, No. CIV.A. 1:09-1348-MBS, 2010 WL 3824643 (D.S.C. Sept. 24, 2010).  Moreover, after the jury heard the State's closing argument, the trial court instructed the jury that it had to determine Petitioner's guilt or innocence solely from the evidence.  ECF No. 14-11 at 44-46.

Because Petitioner has failed to demonstrate either deficiency or prejudice under *Strickland*, he is not entitled to habeas relief on the claim he raises in Ground Two of his petition.  The Court concludes Petitioner has not shown the PCR court's ruling on the claim was contrary to, or an unreasonable application of, federal law as determined by the Supreme Court, or an unreasonable application of the facts in light of the evidence.  *See* 28 U.S.C. § 2254(d).  The Court overrules Petitioner's objection as to Ground Two.

## III.    Ground Three

Petitioner asserts in Ground Three of his petition that his PCR counsel was ineffective for failing to file a motion to alter or amend the PCR court's order pursuant to Rule 59(e) of the South Carolina Rules of Civil Procedure.[20]  ECF No. 1 at 23-30.  Petitioner seeks to bring this claim pursuant to *Martinez v. Ryan*, 132 S. Ct. 1309 (2012).  The Magistrate Judge recommends finding Ground Three does not state a cognizable claim for federal habeas relief, and the Court agrees.

---

[20]    In Ground Three of the petition that he filed pro se, Petitioner asserted various claims of ineffective assistance of PCR counsel and appellate PCR counsel.  *See* ECF No. 1 at 23-30.  However, in the response in opposition subsequently filed by his attorney, Petitioner narrowed his claim to PCR counsel's alleged failure to file a Rule 59(e) motion to alter or amend.  *See* ECF No. 24 at 13.  Moreover, in his objections, Petitioner relies on the argument made in his response in opposition.  *See* Pet.'s Objs. at 5.

Under the AEDPA, a habeas petitioner cannot maintain a freestanding claim of ineffective assistance of PCR counsel: "The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."  28 U.S.C. § 2254(i).  In *Martinez v. Ryan*, the United States Supreme Court held "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of *a claim of ineffective assistance **at trial**.*" 132 S. Ct. at 1315 (emphasis added).[21]  However, accounting for the prohibition in § 2254(i), the Supreme Court reiterated a habeas petitioner cannot bring an independent claim of ineffective assistance of PCR counsel as a ground for relief; rather, the ineffective assistance claim must arise from *trial counsel's* inadequacy during the criminal prosecution.  *See Martinez*, 132 S. Ct. at 1320 (stating "§ 2254(i) precludes Martinez from relying on the ineffectiveness of his postconviction attorney as a 'ground for relief'").  In other words, a habeas petitioner can only assert PCR counsel was ineffective *to the extent that PCR counsel failed*

---

[21]    The Supreme Court ruled as follows:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing *a substantial claim of ineffective assistance at trial* if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

*Id.* at 1320 (emphasis added).  The Fourth Circuit Court of Appeals has summarized the *Martinez* exception as follows:

> *Martinez* held that a federal habeas petitioner who seeks to raise an otherwise procedurally defaulted claim of ineffective-assistance-of-trial-counsel before the federal court may do so only if: (1) the ineffective-assistance-of-trial-counsel claim is a substantial one; (2) the "cause" for default "consist[s] of there being no counsel or only ineffective counsel during the state collateral review proceeding"; (3) "the state collateral review proceeding was the initial review proceeding in respect to the ineffective-assistance-of-trial-counsel claim"; and (4) state law "requires that an ineffective-assistance-of-trial-counsel claim be raised in an initial-review collateral proceeding."

*Fowler v. Joyner*, 753 F.3d 446, 461 (4th Cir. 2014) (alteration in original) (quoting *Trevino v. Thaler*, 133 S. Ct. 1911, 1918 (2013)).

*to raise a claim of ineffective assistance of trial counsel.*

In this case, Petitioner attempts to bring a freestanding claim of ineffective assistance of PCR counsel by alleging PCR counsel failed to file a motion to alter or amend the PCR court's order pursuant to Rule 59(e) of the South Carolina Rules of Civil Procedure. This claim is based solely on PCR counsel's performance during the state PCR proceedings—not on trial counsel's performance during the criminal prosecution. As such, the claim is not a cognizable ground for habeas relief. *See* 28 U.S.C. § 2254(i); *see also Bryant v. Maryland*, 848 F.2d 492, 493 (4th Cir. 1988) (holding claims of error in state PCR proceedings are not cognizable on federal habeas review). Accordingly, the Court overrules Petitioner's objection as to Ground Three.[22]

### Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating reasonable jurists would find the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. In this case, the Court concludes Petitioner has not made the requisite showing of "the denial of a

---

[22] The Court notes its disposition of Petitioner's claim in Ground Three in consistent with other decisions in this district addressing and rejecting the exact same claim: PCR counsel's failure to file a Rule 59(e), SCRCP, motion to alter or amend. *See, e.g.*, *Porterfield v. Warden, Lieber Corr. Inst.*, No. CA 0:14-927-TMC-PJG, 2015 WL 1346261, at *6 (D.S.C. Jan. 20, 2015), *objections overruled*, No. CA 0:14-927-TMC, 2015 WL 1301479 (D.S.C. Mar. 23, 2015), *appeal dismissed*, 605 F. App'x 231 (4th Cir. 2015); *Green v. Bush*, No. CIV.A. 2:14-2405-MGL, 2014 WL 6983352, at *2-3 (D.S.C. Dec. 10, 2014), *appeal dismissed*, 601 F. App'x 235 (4th Cir. 2015), *cert. denied*, 136 S. Ct. 833 (2016); *Gary v. Cartledge*, No. CIV.A. 8:14-2551-TMC, 2015 WL 5178173, at *13, 19 (D.S.C. Sept. 4, 2015), *appeal dismissed*, No. 15-7577, 2016 WL 791470 (4th Cir. Mar. 1, 2016).

constitutional right." 28 U.S.C. § 2253(c)(2).

**Conclusion**

The Court has reviewed the entire record, including the Magistrate Judge's R & R and Petitioner's objections, and applied the relevant legal standards. The Court has conducted a de novo review of those portions of the R & R to which Petitioner objects, and it finds no merit in Petitioner's objections. For the reasons stated in the Court's order and in the Magistrate Judge's R & R, the Court overrules Petitioner's objections and adopts and incorporates the R & R [ECF No. 26] by reference.

**IT IS THEREFORE ORDERED** that Respondent's motion for summary judgment [ECF No. 13] is **GRANTED** and that Petitioner's habeas petition is **DISMISSED WITH PREJUDICE. IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**


Florence, South Carolina                                    s/ R. Bryan Harwell
March 28, 2016                                              R. Bryan Harwell
                                                           United States District Judge